R. F. THOMPSON, Plaintiff in Error, v. MALONE & HYDE et al., Defendants in Error.

Western Section. December 2, 1932.

Petition for Certiorari denied by Supreme Court, April 8, 1933.

Wilson, Armstrong & Allen, of Memphis, for appellant.
Winchester & Bearman, of Memphis, for appellee.

SENTER, J. For convenience, the parties will be referred to as in the court below, R. F. Thompson, plaintiff, and Malone & Hyde et al., defendants.

This suit grows out of an automobile accident which occurred on September 1, 1930, just across the river from Memphis, Tennessee, in Arkansas. At the time of the accident W. O. Dickson was driving the automobile which belonged to plaintiff, and plaintiff's wife was riding on the front seat with Dickson, and plaintiff was riding on the back seat. The automobile collided with a truck belonging to defendant, Malone & Hyde, which was being driven by C. C. Swift, the agent and servant of Malone & Hyde. The collision resulted in personal injuries to plaintiff and also to plaintiff's wife. In this suit by plaintiff, he sued for the alleged personal injuries to himself; and in the second count he sued for the loss of services and medical bills for the injuries sustained by his wife; and in the third count he sued for damages to the automobile, alleged to have been damaged in the collision. It also appears that the wife of plaintiff sued for damages for alleged personal injuries sustained by her in the collision.

The defendants filed pleas of not guilty and contributory negligence to the declaration of plaintiff, and also by certain special pleas plead certain Arkansas laws and statutes governing the use of highways in the State of Arkansas, where this accident occurred.

The two suits, the suit of plaintiff and the suit by his wife against the same defendant, were tried together and before the same jury by consent and stipulation. At the conclusion of the evidence there was a motion by defendant for a directed verdict. This motion was overruled. The suit of Mrs. Thompson resulted in a judgment in her favor against Malone & Hyde, and a judgment in favor of the defendants in the suit of R. F. Thompson. A motion for a new trial was made by plaintiff, R. F. Thompson, which motion was overruled and disallowed. From the action of the court in overruling and disallowing plaintiff's motion for a new trial and in dismissing plaintiff's suit, and rendering judgment for the costs against plaintiff and in favor of defendant plaintiff prayed and was granted

an appeal in the nature of a writ of error to this court. The appeal has been duly perfected, and errors assigned.

The two errors assigned are both directed to certain portions of the general charge of the court to the jury, and are as follows:

## "ASSIGNMENT OF ERRORS.

### I.

"The plaintiff in error, plaintiff below, assigns error on the charge of the court and says that the court below committed error in charging the jury that it might find from the evidence that the plaintiff Thompson was exercising control and direction of the car, and, therefore, that the contributory negligence of Dickson, the driver was imputable to him, the court using the following language:

" 'Now gentlemen, the question has been up as to whether the plaintiffs Mr. and Mrs. Thompson are chargeable with any negligence that their nephew, Mr. Dickson, might have been guilty of. The court tells you that Mrs. Thompson is not chargeable with any negligence of Mr. Dickson, whatever it might have been. As to whether Mr. Thompson is chargeable in this case with any negligence that you might find Mr. Dickson was guilty of, depends upon whether you find from the evidence that Mr. Thompson was merely a guest riding in the automobile with Mr. Dickson, or whether he retained control over the car and its movements and the driver Mr. Dickson. That is a question to be submitted to you for your decision in determining whether any negligence which you might find chargeable in the case to Mr. Dickson, whether it was to be charged to Mr. Thompson. If Mr. Dickson was handling the car under the control of Mr. Thompson, then any negligence that Mr. Dickson might be guilty of is chargeable to Mr. Thompson. If, on the other hand, Mr. Thompson had no control over him, and undertook to exercise none over him, and was riding with Mr. Dickson as a guest of his, then any negligence that Mr. Dickson might be guilty of would not be chargeable to Mr. Thompson. Now, as to what the facts were about that, is for you to determine, and it becomes important only on the question of contributory negligence; that is to say, as to whether Mr. Thompson is chargeable with any negligence that you find Mr. Dickson was guilty of, the man who was driving their car.'

### II.

"The plaintiff in error, plaintiff below, assigns error on the

charge of the court and says that the court below committed error in charging the jury that it might find from the evidence that the plaintiff, Thompson, was exercising control and direction of the car, and therefore, that the contributory negligence of Dickson, the driver, was imputable to him, the court using the following language:

" 'Now if you find, gentlemen—and the definition that I have given you of the word negligence applies when you are passing upon the question of the negligence of the driver, or the contributory negligence of either of the plaintiffs, the same definition applies—reasonable and ordinary care. If one's conduct measures up to that standard, it is not negligent conduct. If it falls below that standard, it is. So, gentlemen, applying that definition, to repeat, first determine whether this driver was, or was not, guilty of negligence which was the proximate cause. Then you will determine if you find that he was guilty of such negligence, then you determine from the evidence whether Mr. Thompson is chargeable with his negligence, and that depends upon just what the relationship on this drive between them was, whether or not Mr. Thompson had the right to control or direct the driving, or whether he turned it over entirely to the other man and became his guest.' "

Under these two assignments of error the real contention made by appellant is that under the undisputed facts plaintiff was the guest of Dickson, and had surrendered all control of the automobile to Dickson, and could not, therefore, have the negligence of Dickson, in driving the car, if any, imputed to plaintiff. This contention is urged by appellant on the theory that all the evidence, without contradiction, and without conflict, showed that the use of the car had been loaned to Dickson accompanied by Mrs. Thompson to drive across Harahan Bridge, crossing the Mississippi River at Memphis, and that after the trip had been arranged plaintiff, at the solicitation and invitation of Dickson, agreed to accompany Dickson and Mrs. Thompson on the trip, and took a seat in the back seat of the car, and at no time undertook to direct Dickson as to how the car should be driven or the route taken, and was therefore a mere guest of Dickson on the trip.

This contention by appellant is based mainly if not entirely on the proposition that the owner of the automobile may be the guest of the driver of the automobile to whom it had been loaned for the special trip, and so as not to be chargeable with the negligence of the driver of the automobile. In support of this contention reliance is placed principally, if not entirely, on the opinion of this court in the case of T. H. Berry v. W. C. Thompson et al., and in which opinion Mr. Justice Heiskell, speaking for this court, said:

"If Berry had unequivocally loaned the car to Lowthorpe and then Lowthorpe had persuaded him to go along, with the understanding that he, Berry, would drive Lowthorpe's car back, then Berry, although in his own car at the time of the accident, would not have been liable. . . ."

In the Berry case, this court in the opinion by Mr. Justice Heiskell, says further:

"The contention for Berry is that he loaned his car to Lowthorpe to go to Louise, Arkansas, and went along just as any third person might have done, in order to bring back Lowthorpe's car; that he had no interest in the trip except to accommodate Lowthorpe and no more control over the car for the time being than a third party who went along to assist Lowthorpe. That the question could not be one of master and servant, because he, Berry, had no business in Arkansas upon which to employ Lowthorpe, and for the same reason there could be no question of whether or not Lowthorpe was acting within the scope of his employment, because there was no employment, because Berry had no business. Counsel for Berry contend that this theory of the case is supported by Berry's testimony.

"On the other hand it is insisted for the several plaintiffs that the relation between Berry and Lowthorpe was that of master and servant. That Lowthorpe was driving Berry's car by his, Berry's, direction and under his control, and that therefore Berry was just as much liable as if he had been driving himself."

In the Berry case, the trial judge had charged the jury on this subject in substance that if Lowthorpe, the driver of the car, was guilty of negligence in driving the car, then Berry was also guilty of negligence. This court, in the opinion, in commenting on this portion of the court's charge, used the language hereinabove quoted, and further stated:

"There was no joint enterprise; the business was that of one or the other. Lowthorpe had business to attend to, Berry had none, but to accommodate Lowthorpe. We think the jury was entitled to take this into consideration in connection with the rest of Berry's testimony in reaching a conclusion as to the relation existing between Berry and Lowthorpe at the time of the accident.

"There is room for reasonable minds to differ as to whose business was being conducted. Could reasonable minds reach different conclusions from this testimony as to whether the car was loaned to Lowthorpe? Can the testimony of Berry be construed to say, 'I told him I was too tired to drive him over in my car, but if he would drive I would lend him the car and go along to drive his car back.' If the question had been left to the

jury and they had found in favor of Berry it could not have been said there was no evidence to support the verdict. We think, therefore, it was error to tell the jury they must find for the plaintiff.''

It will thus be seen that in the Berry case which is somewhat similar in the facts to the present case, and where there was as little conflict in the evidence as in the present case, this court held that the question as to what relation plaintiff sustained to the driver, whether he was merely a guest, was a question of fact to be submitted to the jury for its determination. In the Berry case this court did not hold that the mere fact that all the evidence showed that the owner of the car, at the request of Lowthorpe, loaned Lowthorpe the car to make a trip to Arkansas to attend to a business matter that he alone was concerned in, and requested the owner to go with him on the trip so that Lowthorpe could get his own car which was then in Arkansas and bring it back to Memphis, presented a question of law for the exclusive determination of the judge, but did specifically hold that it was a question for the jury.

There is always a strong presumption that when the owner of an automobile is riding in his own car, which at the time is being driven by another person, that the owner has the right to control the operation of his own car. This does not necessarily mean that the owner in all cases retains the control of his own car when he is riding in the car and another person is driving it. However, the presumption is, under ordinary circumstances the owner does retain the right to control his car when he is riding in it, even though it is being driven by another person, but this is not a conclusive presumption, but a rebuttable presumption. We have not had any Tennessee case cited to us on this question by either appellant or appellee, except the Berry case decided by this court. However, Shwartz, in his work on trial of automobile accident cases, at page 377, discusses this subject as follows:

"If the plaintiff is a passenger who is the owner of a machine in which he was riding, a strong presumption arises that as owner he had control of the machine's operation and the driver's negligence will usually be imputed to him. This presumption is not conclusive and under certain circumstances it may be held that the owner had no control over the driver. Not only may such owner who is riding in the machine be barred from recovery because of the driver's contributory negligence, being imputed to him, but he will also usually be held liable for the injuries caused by his automobile to third persons.''

In the case of Risser v. Parr (Iowa), 168 N. W., 865, under facts set out in the opinion, it was said:

"Under the state of facts shown the jury may well have

found that the defendant, Parr, had full right and authority at the time of the accident to direct her co-defendants in the operation of the automobile. She was the owner thereof, occupying a seat therein, and the driver was a member of her household with no rights to use or operate the machine, so far as the evidence shows, without the permission of the defendant Parr, who at all times had the right to direct her in the operation thereof.''

In the present case plaintiff testified in substance that Dickson, his wife's nephew, was a visitor in their home in Memphis. During Dickson's visit with plaintiff's family he used plaintiff's automobile, accompanied by Mrs. Thompson on other occasions. On the afternoon of September 1, which was Labor Day, plaintiff and his wife wanted to provide some entertainment for their guest. A trip had been planned to visit Shiloh National Park on the preceding day. In suggesting a drive for the afternoon of September 1, Labor Day, as entertainment for their guest, Dickson suggested that he being a road engineer would be interested in seeing the recently completed Harahan Bridge across the Mississippi River, and it was agreed that the automobile drive would take that course. Plaintiff testified that when the trip was first proposed, he informed his wife and nephew that he could not accompany them on the trip, but later when they all went out to start the automobile, his wife requested him to go along with them, and he then decided to go, and got into the back seat of the car. Mrs. Thompson testifies to substantially the same facts, as did also their guest, Mr. Dickson.

It appears that Dickson had already gotten into the automobile and had taken the wheel, and that Mrs. Thompson had gotten into the front seat with Dickson before plaintiff decided to go along, and he then got into the rear seat.

It would thus appear that plaintiff made the trip with Dickson and plaintiff's wife at the request of plaintiff's wife and not by any special invitation extended by Dickson. Nor do we think that these facts constituted a loan of the automobile by plaintiff to Dickson. Rather, do we think that the car of plaintiff was being used as a family car, and that plaintiff's wife had the perfect right to use the car, and that this trip was planned for the entertainment of the guest of Mr. and Mrs. Thompson. There is nothing in the record to warrant the conclusion that plaintiff relinquished all right of control of the automobile on this particular trip to Dickson. He merely states that he did not undertake to control the operation of the car. At most, it would only mean that all three were riding in the automobile, and that Dickson, who had first gotten into the front seat at the driver's wheel, before plaintiff decided to go along, was doing the driving at the time the accident occurred.

As above stated, there is a strong presumption that where the

owner of an automobile is riding in his own car being driven by a third party, that the owner has the right, and may exercise the right to direct the operation of the car, whether he actually does so or not. Plaintiff offered proof to rebut this presumption, and as to whether this evidence was sufficient to overcome the presumption, and as to whether plaintiff was merely a guest in his own car, and merely the guest of his visitor, Dickson, who was driving the car, was, we think, a question of fact to be submitted to the jury. We are also of the opinion that the present case presents a stronger case for the submission of the question to the jury than the Berry case relied upon by appellant.

We find no error in the charge of the court complained of, but to the contrary we think the charge, or the portion of the same complained of under the two assignments of error made herein, was decidedly favorable to plaintiff under the facts as disclosed by the record.

The assignments of error are accordingly overruled, and the judgment of the lower court is affirmed.

Appellant and sureties on the appeal bond will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.